The Honorable Bruce Hawkins State Representative 211 East Church Morrilton, AR 72110
Dear Representative Hawkins:
This is in response to your request for an opinion concerning the failure of a city to sign an addendum to an agreement establishing a municipal court in Perry County, Arkansas. Specifically, you note that several cities in Perry County, Arkansas, signed an agreement* in 1974 to establish a municipal court under the authority granted in A.C.A. § 16-17-402. This statute was amended by Act 878 of 1989 to authorize the court to impose a twenty dollar fee in civil and criminal cases. The cities have drafted an addendum to the agreement which provides that this new fee shall be deposited with an escrow agent to ultimately provide for the expenses of maintaining the court. One of the cities, which you have not specified, and for reasons which are unspecified, has refused to sign the addendum to the agreement. Your specific question in light of the above is as follows: Under Act 878 of 1989, does the failure of a city to sign the addendum exclude them from the court system since they are still a party to the original agreement?
In my opinion the answer to this question is "no." Failure of one party to sign the addendum would not appear in any way [to] exclude that party from the rights or obligations contained in the original agreement.** It should be noted, however, that this party's signature is likely required under Act 878, before any of the sum collected pursuant to the act can be distributed to the cities by the court.
Act 878 of 1989 provides in pertinent part as follows:
 (c) The MUNICIPAL COURT may impose a fee of not more than twenty dollars ($20.00) payable by the plaintiff in civil cases and payable by the defendant in criminal cases, including traffic offenses. THE COURT SHALL DISTRIBUTE THIS FEE TO THE CITIES SERVED BY THE COURT IN SUCH PROPORTION AS SHALL BE DETERMINED BY THE CITIES. (Emphasis added.)
It is clear from the language above, in my opinion, that the MUNICIPAL COURT is authorized to impose the fee, but that the cities must agree how the sum collected from this fee is to be distributed. It appears that all but one of the cities have agreed to the addendum, which provides that the fee is to be turned over to an escrow agent to be expended for maintaining the expenses of the court. The language above requires that the distribution is to be "as determined by the cities." We can only conclude that this phrase contemplates the agreement of all cities which the municipal court serves. Thus, the municipal court may collect the fee, but cannot distribute it in any fashion until there is an agreement on this point by all the cities.***
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
* It is my assumption that this agreement continues in force under paragraph 13 thereof which sets the duration of the agreement at two years unless modified, amended or changed by written agreement of the parties.
** It should be noted in this regard that a city refusing to sign the addendum will not be relieved of its obligation to pay the monthly amount set as its contribution in the original agreement. (See paragraph 7 of the agreement, and paragraph 7 of the addendum.)
*** It should be noted that the City of Perryville, in the original agreement, reserved the right to withdraw from the agreement. If the City of Perryville exercises this option, its signature to the addendum is of course not necessary to authorize distribution of the fee.